# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS MIGUEL RODRIGUEZ-LICEA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-521-1

Before DAVIS, JONES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Luis Miguel Rodriguez-Licea appeals his 70-month within-guidelines-range sentence for illegal reentry into the United States following removal. Rodriguez-Licea argues that his sentence is substantively unreasonable because the sentence was greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). He asserts that a presumption of reasonableness should not be applied to his within-guidelines-range sentence because the Guideline on

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50014

which it was based, U.S.S.G. § 2L1.2, is not empirically based, but he acknowledges that this argument is foreclosed. He asserts that his guidelines range was greater than necessary because § 2L1.2 double counted his prior convictions and because his offense was a mere trespass. He maintains that the sentence failed to reflect his personal history and characteristics because he and his mother are both ill and because he wishes to return to Mexico where work opportunities are available to him.

A discretionary sentence imposed within the advisory guidelines range is presumptively reasonable. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). As Rodriguez-Licea acknowledges, his assertion that we should not apply a presumption of reasonableness because § 2L1.2 is not empirically based is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009).

The district court weighed the sentencing factors, rejected Rodriguez-Licea's personal arguments, and imposed a within-guidelines-range sentence based primarily on Rodriguez-Licea's criminal history. The international-trespass and double-counting-of-prior-convictions arguments that Rodriguez-Licea raises have both been previously rejected. *See Duarte*, 569 F.3d at 529-31; *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006). As Rodriguez-Licea was sentenced within the guidelines range, the sentence is entitled to a presumption of reasonableness, and Rodriguez-Licea has not shown sufficient reason for us to disturb that presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.